# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 28, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137111 (145)(159)

ANTHONY PELLEGRINO, Individually and
as Personal Representative of the Estate of
Shirley Ann Pellegrino,
        Plaintiff-Appellee,

v

AMPCO SYSTEMS PARKING,
        Defendant-Appellant.

SC: 137111
COA: 274743
Wayne CC: 03-325462-NI

_____/

On order of the Court, the motion for full-Court consideration of the motion for disqualification of Justice Markman is considered, and it is GRANTED. Upon full-Court consideration of the plaintiff's motion, we DENY the plaintiff's motion to disqualify Justice Markman.

KELLY, C.J. (*concurring*).

I concur with granting the motion for consideration by the entire Court of the motion to disqualify Justice Markman. The statements complained of were made ten years ago. It is not alleged that Justice Markman has made subsequent public comments about attorney Geoffrey Fieger. Moreover, Justice Markman's voting pattern over the past decade does not reflect bias against Mr. Fieger or the appearance of bias. For those reasons, I concur with the denial of the motion to disqualify.

Further statement to follow.

CAVANAGH, J. (*concurring*).

I concur with granting the motion for full Court review of the denial of the motion for disqualification of Justice Markman. Because of the staleness of the assertions here

involved, and because I am persuaded of his ability to render an impartial judgment in this matter, I concur with the denial of plaintiff's motion for disqualification of Justice Markman.

WEAVER and HATHAWAY, JJ. (*concurring*).

We concur with this Court's order denying plaintiff's motion to disqualify Justice Markman. Plaintiff's motion for disqualification stems from statements made by Justice Markman during his 2000 judicial campaign regarding plaintiff's attorney Geoffrey Fieger.[1]

Prior to this Court's November 25, 2009 amendments to MCR 2.003 — Disqualification of Judge — the "appearance of impropriety" standard was not a ground for disqualification. In other words, even if it appeared to an objective individual that a justice was biased or prejudiced, a justice would not be disqualified on the basis of appearance alone.

Under our newly revised rule MCR 2.003, appearance of impropriety is a ground for judicial disqualification. The statements made by Justice Markman were made before this Court adopted MCR 2.003 as amended. We will not apply the appearance-of-impropriety standard retroactively to statements made by a justice concerning a party or a party's attorney prior to the rule's amendment. However, we will apply the standard prospectively to statements made by a justice concerning a party or a party's attorney from the date that the order amending MCR 2.003 was entered. Accordingly, as the appearance-of-impropriety standard was not yet in effect, we will not apply the amended rule to the statements made by Justice Markman.

A judicial candidate's First Amendment right to free speech is protected under *Minnesota v White,* 536 US 765 (2002); however, a justice does not have a protected right to decide a case in which he or she made campaign statements that create an appearance of impropriety. For example, if a judicial candidate distributes campaign literature that either specifically names an individual or if that individual can be reasonably identified by the candidate's campaign literature, and that literature gives rise to an appearance of bias or prejudice against that identified individual, that justice puts himself or herself at risk of not being able to participate in cases involving that individual under the appearance of impropriety standard. Consequently, in the future, for conduct or statements that occur after the effective date of MCR 2.003 as amended, we will apply the appearance of impropriety standard as a ground for disqualification.

---

[1] The statements were referenced in Justice Weaver's dissenting statement in *Grievance Administrator v Fieger*, 476 Mich 231 (2006).

CORRIGAN, J., not participating; statement to follow.

YOUNG, J., not participating; statement to follow.

_____

On order of the Court, the motion for a full-Court decision on the motion to disqualify Justice Corrigan is considered, and it is DENIED. The plaintiff filed a motion to disqualify Justice Corrigan on October 9, 2009.[2] Justice Corrigan denied the motion under the pre-amendment version of MCR 2.003, releasing her decision on November 18, 2009.[3] Under the pre-amendment version of MCR 2.003, a motion for disqualification was not subject to a decision by the full Court. Therefore, the plaintiff is not entitled to full-Court consideration of the motion for her disqualification.

Statements to follow.

CORRIGAN, J., not participating; statement to follow.

YOUNG, J., not participating; statement to follow.

_____

On order of the Court, the motion for a full-Court decision on the motion to disqualify Justice Young is considered, and it is DENIED. The plaintiff filed a motion to disqualify Justice Young on October 9, 2009.[4] Justice Young denied the motion under the pre-amendment version of MCR 2.003, releasing his decision on November 18, 2009.[5] Under the pre-amendment version of MCR 2.003, a motion for disqualification was not subject to consideration by the full Court. Therefore, the plaintiff is not entitled to full-Court consideration of the motion for his disqualification.

_____

[2] Plaintiff's motion also sought disqualification of Justices Young and Markman.

[3] MCR 2.003 was amended on November 25, 2009. The amendments took immediate effect.

[4] Plaintiff's motion also sought disqualification of Justices Corrigan and Markman.

[5] MCR 2.003 was amended on November 25, 2009. The amendments took immediate effect.

4

Statements to follow.

CORRIGAN, J., not participating; statement to follow.

YOUNG, J., not participating; statement to follow.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 28, 2010

_____
Clerk